UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

RANDALL DELANEY,

                Plaintiff,                Case No. 2:20-cv-01519

    v.

DAVID BETH, KENOSHA COUNTY, JOHN
DOES ONE THROUGH FIVE, JOHN DOES
SIX THROUGH TEN, DANIEL MISKINIS,
CITY OF KENOSHA, JOHN DOES ELEVEN
THROUGH FIFTEEN, JOHN DOES SIXTEEN
THROUGH TWENTY,

                Defendants.

## COMPLAINT

NOW COMES Plaintiff Randall Delaney, by his attorneys, the law firm of GINGRAS THOMSEN & WACHS LLP, by Attorney William F. Sulton, and alleges as follows:

### I.    Introduction

1. On August 24, 2020 Randall Delaney was peacefully demonstrating against police violence and racist policing practices at the Civic Center Park in the City and County of Kenosha when Kenosha County sheriff's deputies, acting under the direction of Sheriff David Beth, and City of Kenosha police officers,

acting under the direction of Police Chief Daniel Miskinis, opened fire with rubber bullets and tear gas.

2. As shown below, Mr. Delaney was shot in his lower left leg.



3. In addition to being shot in the leg, Mr. Delaney also experienced a painful burning sensation in his eyes that caused excessive tearing and blurred vision and a painful burning sensation in his lungs, mouth and nose that caused excessive mucus and coughing.

## II.   The Parties

**A.   Plaintiff**

4. Plaintiff Randall Delaney ("Delaney") is a resident of the City and County of Kenosha.

5. On August 24, 2020 Delaney was peacefully demonstrating against police violence and racist policing practices at the Civic Center Park in the City and County of Kenosha when he was tear gassed and shot at with rubber bullets by law enforcement officers working under the direction of Sheriff David Beth and Police Chief Daniel Miskinis.

**B. Defendants**

**(i) Sheriff David Beth**

6. Defendant David Beth ("Sheriff Beth") is the sheriff of Kenosha County.

7. On August 24, 2020 Sheriff Beth acted ultra vires when he imposed and directed his subordinates to enforce a curfew on peaceful demonstrators at the Civic Center Park.

8. Sheriff Beth also encouraged his deputies to indiscriminately tear gas and shoot rubber bullets at peaceful demonstrators at the Civic Center Park.

9. Sheriff Beth is a supervisory official whose liability includes, among others, his own culpable action and inaction in the training, supervision and control of his subordinates, his acquiescence in the constitutional deprivations alleged in this complaint, and conduct showing a reckless and callous indifference to the rights of Delaney.

10. At all times relevant to Delaney's claims, Sheriff Beth was acting under color of law.

11. Sheriff Beth is being sued in his individual capacity.

**(ii) Kenosha County**

12. Defendant Kenosha County (or "the county") is a municipal corporation organized under the laws of the State of Wisconsin, is a "person" subject to suit under 42 U.S.C. § 1983 and made the decision to indiscriminately

tear gas and shoot rubber bullets at peaceful demonstrators at the Civic Center Park on August 24, 2020.

13. At all times relevant to Delaney's claims, Sheriff Beth was the final decisionmaker for the county as to the county's treatment of peaceful demonstrators.

### (iii) Kenosha County's Supervisory Officials

14. Defendants John Does One through Five are the county's supervisory sheriff's deputies who directed, encouraged or failed to prevent subordinate deputies to indiscriminately tear gas and shoot rubber bullets at peaceful demonstrators on August 24, 2020 at the Civic Center Park.

15. John Does One through Five are supervisory officials whose liability includes, among others, their own culpable action and inaction in their oversight, supervision and control of their subordinates, their acquiescence in the constitutional deprivations alleged in this complaint, and conduct showing a reckless and callous indifference to the rights of Delaney.

16. At all times relevant to Delaney's claims, John Does One through Five were acting under color of law.

17. They are being sued in their individual capacities.

### (iv) Kenosha County Sheriff's Deputies

18. Defendant John Does Six through Ten are the county's sheriff's deputies who tear gassed and shot rubber bullets at Delaney when he was peacefully demonstrating on August 24, 2020 at the Civic Center Park.

19. At all times relevant to Delaney's claims, John Does Six through Ten were acting under color of law.

20. They are being sued in their individual capacities.

### (v) Police Chief Daniel Miskinis

21. Defendant Daniel Miskinis ("Chief Miskinis") is the police chief of the City of Kenosha.

22. On August 24, 2020 Chief Miskinis acted ultra vires when he imposed and directed his subordinates to enforce a curfew on peaceful demonstrators at the Civic Center Park.

23. Chief Miskinis also encouraged his officers to indiscriminately tear gas and shoot rubber bullets at peaceful demonstrators at the Civic Center Park.

24. Chief Miskinis is a supervisory official whose liability includes, among others, his own culpable action and inaction in the training, supervision and control of his subordinates, his acquiescence in the constitutional deprivations alleged in this complaint, and conduct showing a reckless and callous indifference to the rights of Delaney.

25. At all times relevant to Delaney's claims, Chief Miskinis was acting under color of law.

26. Chief Miskinis is being sued in his individual capacity.

### (vi) City of Kenosha

27. Defendant City of Kenosha (or "the city") is a municipal corporation organized under the laws of the State of Wisconsin, is a "person" subject to suit

under 42 U.S.C. § 1983 and made the decision to indiscriminately tear gas and shoot rubber bullets at peaceful demonstrators at the Civic Center Park on August 24, 2020.

28. At all times relevant to Delaney's claims, Chief Miskinis was the final decisionmaker as to the city's treatment of peaceful demonstrators.

### (vii) City of Kenosha's Supervisory Officials

29. Defendants John Does Eleven through Fifteen are the city's supervisory officers who directed, encouraged or failed to prevent subordinate officers to indiscriminately tear gas and shoot rubber bullets at peaceful demonstrators on August 24, 2020 at the Civic Center Park.

30. John Does Eleven through Fifteen are supervisory officials whose liability includes, among others, their own culpable action and inaction in their oversight, supervision and control of their subordinates, their acquiescence in the constitutional deprivations alleged in this complaint, and conduct showing a reckless and callous indifference to the rights of Delaney.

31. At all times relevant to Delaney's claims, John Does Ten through Fifteen were acting under color of law.

32. They are being sued in their individual capacities.

### (viii) City of Kenosha Police Officers

33. Defendants John Does Sixteen through Twenty are the city's officers who tear gassed and shot rubber bullets at Delaney as he was peacefully demonstrating on August 24, 2020 at the Civic Center Park.

34. At all times relevant to Delaney's claims, John Does Sixteen through Twenty were acting under color of law.

35. They are being sued in their individual capacities.

### III. Jurisdiction and Venue

36. This Court has jurisdiction over the claims and parties pursuant to 28 U.S.C. § 1331 and §1343(a).

37. Venue in the Eastern District is proper pursuant to 28 U.S.C. § 1391(b)(2) because the events giving rise to Delaney's claims occurred within this judicial district.

### IV. Facts

#### A. The police paralyzed Jacob Blake by shooting him in the back multiple times as his children watched in horror.

38. On August 23, 2020 Jacob Blake ("Blake"), a Black man, was paralyzed by a City of Kenosha police officer when the officer shot Blake seven times in the back while Blake's children watched in horror.

39. Videos of Blake's maiming were widely circulated around the world and led to demonstrations in the City and County Kenosha and all over the world.

#### B. City and County of Kenosha law enforcement officers shoot rubber bullets and tear gas Delaney.

40. Section 323.11 of the Wisconsin Statutes provides that "[t]he governing body of any local unit of government may declare, by ordinance or resolution, an emergency existing within the local unit of government whenever conditions arise by reason of a riot or civil commotion, a disaster, or an imminent

threat of a disaster, that impairs transportation, food or fuel supplies, medical care, fire, health or police protection, or other critical systems of the local unit of government."

41. Section 323.14(4)(b) of the Wisconsin Statutes provides that "[i]f, because of the emergency conditions, the governing body of the local unit of government is unable to meet promptly, the chief executive officer or acting chief executive officer of any local unit of government shall exercise by proclamation all of the powers conferred upon the governing body under par. (a) or s. 323.11 that appear necessary and expedient."

42. Neither of the governing bodies of Kenosha County or the City of Kenosha met or issued a curfew order on August 24, 2020.

43. Neither of the governing bodies of Kenosha County or the City of Kenosha were unable to meet to discuss a curfew order on August 24, 2020.

44. Regardless, neither of the chief executive officers of Kenosha County (Jim Kreuser) or the City of Kenosha (John Antaramian) issued a curfew order for August 24, 2020.

45. On August 24, 2020 Sheriff Beth, acting ultra vires, issued a curfew order and caused the order to be published on the Sheriff's Department's website, the Sheriff's Department's Facebook webpage, Kenosha County's webpage, circulated to news media and transmitted to mobile telephones.

46. On August 24, 2020 Chief Miskins, acting ultra vires, created a de facto curfew order or ratified Sheriff Beth's curfew order and caused the order to

be published on the Police Department's website, the Police Department's Facebook webpage, the City of Kenosha's webpage and circulated to news media.

47. Under the guise of these curfew orders, Sheriff Beth and Chief Miskinis directed and encouraged subordinates to attack peaceful demonstrators with rubber bullets and tear gas because they were expressing opposition to police violence and racist policing practices.

48. The First Amendment provides that all citizens have a right to hold and express their personal political beliefs. *See Cohen v. California*, 403 U.S. 15, 24 (1971).

49. Organized political protest is a form of "classically political speech." *Boos v. Barry*, 485 U.S. 312, 318 (1988).

50. "[T]he First Amendment safeguards an individual's right to participate in the public debate through political expression and political association." *McCutcheon v. Fed. Election Com'n*, 572 U.S. 185, 203 (2014).

51. The U.S. Supreme Court has repeatedly held that police may not interfere with orderly, nonviolent protests merely because they disagree with the content of the speech or because they simply fear possible disorder because of "a profound national commitment to the principle that debate on public issues should be uninhibited, robust, and wide-open[.]" *McCutcheon v. Fed. Election Com'n*, 572 U.S. 185, 203 (2014).

52. Indeed, "it has long been clearly established that the First Amendment bars retaliation for protected speech and association." *Crawford-El v. Britton*, 523 U.S. 574, 592 (1998).

53. Delaney was engaged in constitutionally protected activity through organized political protest.

54. The excessive force visited upon Delaney by John Does Six through Ten and Sixteen through Twenty caused significant physical and emotional injuries and prevented Delaney from continuing to engage in that political protest.

55. John Does Six through Ten and Sixteen through Twenty, at the direction of Sheriff Beth, John Does One through Five, Chief Miskins and John Does Eleven through Fifteen, used physical weapons and chemical agents against Delaney for the purpose of preventing Delaney's peaceful demonstration.

56. As a direct result of Defendants' unlawful conduct, Delaney sustained damages, including, among others, physical pain and suffering, scarring, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other losses.

## V. Claims for Relief

### A. Claims against Sheriff Beth, Kenosha County and John Does One through Ten.

#### (i) Violations of the First Amendment

57. Delaney incorporates here all other paragraphs in this complaint.

58. On August 24, 2020 Delaney was engaged in peaceful, constitutionally protected acts of speech and expressive conduct.

59. Sheriff Beth, Kenosha County and John Does One through Ten retaliated against Delaney for engaging in such peaceful, constitutionally protected activity.

60. John Does One through Ten targeted Delaney for use of force.

61. Sheriff Beth and Kenosha County's policy of dispersing persons, including Delaney, who are engaged in peaceful, constitutionally protected acts of speech and expressive conduct violates Delaney's rights under the First Amendment: as applied to Delaney's peaceful demonstration.

62. Delaney's peaceful, constitutionally protected acts of speech and expressive conduct did not threaten public safety.

63. Keeping Delaney from engaging in peaceful, constitutionally protected acts of speech and expressive conduct did not serve any legitimate government interest.

64. Sheriff Beth, Kenosha County and John Does One through Ten directly prevented and deterred Delaney from continuing to peacefully demonstrate against police violence and racist policing practices.

65. By retaliating against Delaney for engaging in peaceful, constitutionally protected activity, John Does One through Ten, under color of Wisconsin law, subjected or caused Delaney to be subjected to the deprivation of rights guaranteed by the First Amendment.

66. By adopting an unlawful policy that restricts activities protected by the First Amendment, Sheriff Beth and Kenosha County, under color of Wisconsin law, subjected or caused Delaney to be subjected to the deprivation of rights guaranteed by the First Amendment.

### (ii) Violations of the Fourth Amendment

67. Delaney incorporates here all other paragraphs in this complaint.

68. On August 24, 2020 Delaney was peacefully demonstrating against police violence and racist policing practices and committed no crime.

69. Delaney's peaceful demonstration did not pose a threat to any of the defendant law enforcement officers or any other person.

70. Delaney was seized and subjected to excessive force by John Does Six through Ten when, at the direction of Sheriff Beth and John Does One through Five, they shot at him with rubber bullets and tear gassed him.

71. By shooting at and tear gassing Delaney, John Does Six through Ten, under color of Wisconsin law, subjected or caused Delaney to be subjected to the deprivation of rights guaranteed by the Fourth Amendment.

72. By adopting an unlawful policy, without limitation to seizing peaceful demonstrators pursuant to an ultra vires curfew order and the general, indiscriminate excessive force against peaceful demonstrators, Sheriff Beth and Kenosha County, under color of Wisconsin law, subjected or caused Delaney to be subjected to the deprivation of rights guaranteed by the Fourth Amendment.

## B. Claims against Chief Miskinis, the City of Kenosha and John Does Eleven through Twenty.

### (i) Violations of the First Amendment

73. Delaney incorporates here all other paragraphs in this complaint.

74. On August 24, 2020 Delaney was engaged in peaceful, constitutionally protected acts of speech and expressive conduct.

75. Chief Miskinis, the City of Kenosha and John Does Eleven through Twenty retaliated against Delaney for engaging in such peaceful, constitutionally protected activity.

76. John Does Eleven through Twenty targeted Delaney for use of force.

77. Chief Miskinis and the City of Kenosha's policy of dispersing persons, including Delaney, who are engaged in peaceful, constitutionally protected acts of speech and expressive conduct violates Delaney's rights under the First Amendment: as applied to Delaney's peaceful demonstration.

78. Delaney's peaceful, constitutionally protected acts of speech and expressive conduct did not threaten public safety.

79. Keeping Delaney from engaging in peaceful, constitutionally protected acts of speech and expressive conduct did not serve any legitimate government interest.

80. Chief Miskinis, the City of Kenosha and John Does Eleven through Twenty directly prevented and deterred Delaney from continuing to peacefully demonstrate against police violence and racist policing practices.

81. By retaliating against Delaney for engaging in peaceful, constitutionally protected activity, John Does Eleven through Twenty, under color of Wisconsin law, subjected or caused Delaney to be subjected to the deprivation of rights guaranteed by the First Amendment.

82. By adopting an unlawful policy that restricts activities protected by the First Amendment, Chief Miskinis and the City of Kenosha, under color of Wisconsin law, subjected or caused Delaney to be subjected to the deprivation of rights guaranteed by the First Amendment.

### (ii) Violations of the Fourth Amendment

83. Delaney incorporates here all other paragraphs in this complaint.

84. On August 24, 2020 Delaney was peacefully demonstrating against police violence and racist policing practices and committed no crime.

85. Delaney's peaceful demonstration did not pose a threat to any of the defendant law enforcement officers or any other person.

86. Delaney was seized and subjected to excessive force by John Does Sixteen through Twenty when, at the direction of Chief Miskinis and John Does Eleven through Fifteen, they shot at him with rubber bullets and tear gassed him.

87. By shooting at and tear gassing Delaney, John Does Sixteen through Twenty, under color of Wisconsin law, subjected or caused Delaney to be subjected to the deprivation of rights guaranteed by the Fourth Amendment.

88. By adopting an unlawful policy, without limitation to seizing peaceful demonstrators pursuant to an ultra vires curfew order and the general,

indiscriminate excessive force against peaceful demonstrators, Chief Miskinis and the City of Kenosha, under color of Wisconsin law, subjected or caused Delaney to be subjected to the deprivation of rights guaranteed by the Fourth Amendment.

## VI. Relief Requested

89. Delaney respectfully requests that this Honorable Court enter judgment for him and against each Defendant and provide the following relief:

a. A declaration, pursuant to 28 U.S.C. § 2201(a), stating, in part, that Defendants violated Delaney's rights under the First and Fourth Amendments to the United States Constitution, contrary to 42 U.S.C. § 1983, and proscribing Defendants from further constitutional violations.

b. An order awarding Delaney damages for physical pain and suffering, emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

c. An order awarding Delaney punitive damages.

d. An order awarding Delaney's attorneys' fees pursuant to 42 U.S.C. § 1988(b).

e. An order awarding Delaney's experts' fees pursuant to 42 U.S.C. § 1988(c).

f. An order awarding Delaney's taxable costs and disbursements pursuant to 28 U.S.C. § 1920.

g. Grant such other and further relief as this Court deems just and proper pursuant to 28 U.S.C. § 2202 and other laws.

## VII. Demand for Trial by Jury

90. Delaney hereby demands a trial by jury on each claim pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment of the United States Constitution.

Dated at the law office of GINGRAS THOMSEN & WACHS LLP in Milwaukee, Wisconsin, on this 1st day of October, 2020.

*/s/ William F. Sulton*
WILLIAM F. SULTON

GINGRAS THOMSEN & WACHS LLP
219 N Milwaukee St, Ste 520
Milwaukee, WI  53202
414-935-5490 (direct)
414-778-0700 (main)
wsulton@gtwlawyers.com

*Attorneys for Plaintiff Randall Delaney*