# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**RANDALL DELANEY,**
      **Plaintiff,**

  v.                                                                              Case No. 20-C-1519

**DAVID BETH, et al.,**
      **Defendants.**

## DECISION AND ORDER

The plaintiff, Randall Delaney, alleges that, on August 24, 2020, he was peacefully protesting in a park in Kenosha, Wisconsin, following the shooting of Jacob Blake by Kenosha police officers. Delaney alleges that, while the protestors were demonstrating peacefully, law enforcement officers under the direction of Kenosha County Sheriff David Beth and City of Kenosha Police Chief Daniel Miskins dispersed tear gas into the crowd and shot protestors with rubber bullets. Delaney alleges that he was exposed to tear gas and shot with a rubber bullet, which caused injuries. He claims in this suit under 42 U.S.C. § 1983 that the decision to use tear gas and rubber bullets against peaceful protestors violated the First and Fourth Amendments to the United States Constitution. In addition to suing the officers who dispersed the tear gas and shot the rubber bullets at protestors, Delaney sues Sheriff Beth and Chief Miskins in their individual capacities and brings claims under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), against the City and County of Kenosha. In his claims against the sheriff, chief, and municipalities, Delaney alleges that the sheriff and the chief were personally involved in the decision to use tear gas and rubber bullets on protestors, and that therefore the sheriff and the chief are personally liable for the resulting constitutional violations and the municipalities are

also liable under *Monell* because the sheriff and chief were final policymakers for their respective municipalities. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 480–81 (1986) (municipal liability under *Monell* attaches to decisions made by municipal officials with final policymaking authority).

Before me now is Sheriff Beth's motion for a protective order under Federal Rule of Civil Procedure 26(c) that would prevent the plaintiff from taking his deposition. The sheriff's motion is based on the "limited immunity" that "high ranking government officials enjoy" from "being deposed in matters about which they have no personal knowledge." *Warzon v. Drew*, 155 F.R.D. 183, 185 (E.D. Wis. 1994). The cases cited by the sheriff state that, before a high-ranking official may be deposed, the party seeking the deposition must demonstrate that the official's testimony will likely lead to the discovery of admissible evidence that is essential to that party's case, and that the evidence is not available through an alternative source or through less burdensome means. *Id.*

In the present case, the parties agree that Sheriff Beth is a high-ranking government official who is entitled to this form of limited immunity from being deposed. However, they disagree over whether the plaintiff has shown that Sheriff Beth is likely to have personal knowledge of matters that are essential to the plaintiff's case. I conclude that the plaintiff has made the required showing. Lieutenant Kenneth Urquhart testified at his deposition that he had "overall control over tactical" for law enforcement's response to the protest that was occurring in the park on August 24, 2020. (Dep. of Kenneth Urquhart at 56:6–56:8.) Lieutenant Urquhart testified that, before he authorized officers at the park to use tear gas or rubber bullets on protestors, he obtained verbal approval for doing so from both Sheriff Beth and Chief Miskins. (*Id.* at 56:16–57:8, 57:18–58:3,

58:22–59:2, 59:13–59:19.) Based on Lieutenant Urquhart's testimony, it is likely that Sheriff Beth will have personal knowledge of matters that are essential to the plaintiff's claim against the Sheriff and his *Monell* claim against Kenosha County, including whether he personally approved the use of tear gas and rubber bullets on protestors and thereby caused the alleged constitutional violations of which the plaintiff complains. Further, the sheriff's understanding of the circumstances facing the law enforcement officers at the park will be relevant to determining whether his decision to authorize the use of force on protestors was reasonable within the meaning of the Fourth Amendment. *See, e.g., Burton v. City of Zion*, 901 F.3d 772, 780 (7th Cir. 2018) ("When evaluating the reasonableness of a police officer's use of force, the key question is what the officer knew at the time.").

Moreover, I conclude that the plaintiff cannot obtain the same evidence through an alternative source or less burdensome means. Because Sheriff Beth's decision-making and his personal understanding of the circumstances facing the officers at the park are central issues in this case, there is no reasonable substitute for his testimony. Although Sheriff Beth suggests that the plaintiff could serve him with written discovery requests, that is not a reasonable alternative to a deposition. Depending on how Sheriff Beth answers certain questions, the plaintiff will need to ask follow-up questions, which cannot be accomplished efficiently through written discovery.

3

Case 2:20-cv-01519-LA   Filed 12/02/21   Page 3 of 4   Document 33

Accordingly, **IT IS ORDERED** that Sheriff Beth's motion for a protective order is **DENIED**.

Dated at Milwaukee, Wisconsin, this 2nd day of December, 2021.

<pre>
                                        s/Lynn Adelman
                                        LYNN ADELMAN
                                        United States District Judge
</pre>